**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MOR GERZON,**

    **Plaintiff,**

**v.**                                        **Case No. 8:17-cv-870-T-27TBM**

**IHOP RESTAURANT CORPORATION,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Mor Gerzon's: (1) Request to Proceed Without Payment or to Make Payment Arrangements (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a); (2) Request for Appointment of Attorney (Doc. 3); (3) Motion to Seal Personal Information (Doc. 4); and (4) Motion Requesting Statute of Limitation Extension If This Paperwork is Late (Doc. 5).

For the reasons that follow, I find the Complaint should be dismissed with leave to amend and the remaining motions be denied.

**I.**

**A.**

Pursuant to 28 U.S.C. § 1915:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give

> security therefor. Such affidavit shall state the nature of the action, defense
> or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The statute also provides that "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action ... is frivolous[1] or malicious; fails to state a claim on which relief may be granted;[2] or seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The Federal Rules of Civil Procedure also inform review under § 1915. First, "a civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Therefore, "a complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal quotation marks and alterations omitted), abrogated on other grounds by *Iqbal*, 556 U.S. 662, and

---

[1] A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.*

[2] Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under that standard, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

*Twombly*, 550 U.S. 544. In addition, Rule 8 requires "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Further, the allegations in the complaint "must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

In conducting its review, the Court is mindful that *pro se* pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by attorneys. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citations omitted). However, notwithstanding that standard, a *pro se* plaintiff is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**B.**

As an initial matter, Ms. Gerzon has not filed any affidavit attesting to her indigency. She states she has had no income in many years; she inquires about the possibility of a payment plan. (Doc. 2).

Pursuant to 28 U.S.C. § 1915, an individual may proceed in this court without prepayment of fees or security therefor if such person "submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." Ms. Gerzon's submissions fall woefully short of these requirements, as it

contains no allegations or affidavit regarding her financial status. Thus, this Court is unable to determine whether or not Plaintiff is indeed indigent, as is required by 28 U.S.C. § 1915(a)(1).[3]

In addition to the insufficiencies in the request to proceed without payment, the Complaint fails to allege the basis for this Court's jurisdiction and fails to state a cause of action.

On April 13, 2017, Ms. Gerzon initiated this action, naming as defendant IHOP Restaurant Corporation. (Doc. 1). In brief summary, she alleges that she is blind and that on April 12, 2013, she was assaulted and raped by a waiter at a Sarasota, Florida IHOP. She claims the man was known to Sarasota County Sheriff's Office as a serial rapist. She asserts that a simple background check would have prevented IHOP from hiring this individual with a violent background. She states, "This is a case that touches upon the subject of negligent hiring." *Id.* at 2. She seeks compensation of $30 million for her losses. *Id.* at 5–7. She seeks to bring this matter to the national stage to help protect others. *Id.* at 8.

While case law recognizes that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks omitted), I conclude that the Complaint must be dismissed with an opportunity to amend.

First, Ms. Gerzon does not provide a short and plain statement setting out the basis for jurisdiction in accordance with Rule 8. She does not allege how Defendant violated her federal constitutional or statutory rights in order to confer federal question jurisdiction upon this Court. *See* 28 U.S.C. § 1331 ("[t]he district courts ... have original jurisdiction of all civil actions arising

---

[3]The Court directs Plaintiff to forms available on the District's website, including an Affidavit of Indigency, available at https://www.flmd.uscourts.gov/forms/forms_policies.htm.

4

under the Constitution, laws, or treaties of the United States."). It appears instead that she seeks to assert a claim under Florida law for negligent hiring. However, she does not allege diversity jurisdiction nor any facts giving rise to diversity jurisdiction. *See* 28 U.S.C. § 1332.

In addition, the Complaint does not comply with Rule 8 or Rule 10 of the Federal Rules of Civil Procedure by providing a short and plain statement of the claim, in numbered paragraphs, showing that the pleader is entitled to relief. Ms. Gerzon here makes vague allegations and suggestions of negligent hiring, but does not set forth the facts or legal basis for her claim(s).

Next, I find that Plaintiff's Complaint may be barred by the statute of limitations. Under Florida law, a suit founded on negligence must be filed within four years of when the cause accrued. Fla. Stat., § 95.11(3). By Plaintiff's allegations, the event giving rise to this lawsuit occurred on April 12, 2013. (Doc. 1 at 1). She did not file the instant suit until April 13, 2017, one day past the statute of limitations for a claim of negligence. As a result, this action appears from the four corners of the Complaint to be untimely and barred by the statute of limitations.

Although Ms. Gerzon moves separately requesting an extension to the statute of limitations (Doc. 5), she does not plead any factual or legal grounds for equitable tolling to apply in this action. She states that she has a vision disability and has not had help with this so it has taken some time. *Id.* While the Court is sympathetic to Plaintiff's vision difficulties, she does not provide any causal connection between her vision disability and her ability to file a timely Complaint. Indeed, the Florida Statutes provide that, except under certain enumerated circumstances, "A disability ... does not toll the running of any statute of limitations...." Fla. Stat.

5

95.051(2). Plaintiff fails to provide any basis to extend the statute of limitations on her claim, and her motion for extension of time should be denied.[4]

**II.**

Next, with regard to Plaintiff's request for appointment of counsel, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, the appointment of counsel in a civil case is not guaranteed and lies within the discretion of the trial court. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (citations omitted). "The appointment of counsel is a privilege that is justified only by the existence of exceptional circumstances, such as where the facts and legal issues in the case are so novel or complex as to require the assistance of a trained practitioner." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted); *see also Burgess v. Bradshaw*, 626 F. App'x 257, 259 (11th Cir. 2015) (explaining, "The key is whether the *pro se* litigant needs assistance presenting the essential merits of his position to the court .... The following factors determine whether exceptional circumstances exist: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position adequately to investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination."). Further, "[t]he Supreme Court has indicated that an appointment of counsel in civil cases may be appropriate when quasi-criminal penalties or severe civil remedies are at stake, such as those in a civil commitment proceeding or when an indigent risks losing his

---

[4]If Plaintiff seeks to toll the statute of limitations, she should allege grounds for tolling in her Amended Complaint.

or her child in a custody case.... Thus, only in civil cases that present an extreme hardship to petitioner are courts empowered to cause legal assistance to be provided...." *Washington v. U.S.*, 93 Fed. Cl. 706, 708–09 (2010) (citations omitted). Such circumstances simply are not presented here.

Where, as here, the facts and issues are relatively straightforward, a *pro se* litigant typically will not require the assistance of counsel. In the instant matter, Plaintiff fails to demonstrate indigency in the first instance and fails to demonstrate the extraordinary circumstances that give rise to the appropriateness of the Court appointing counsel to represent her. Accordingly, Plaintiff's motion for appointment of an attorney (Doc. 3) should be denied.[5]

### III.

Finally, as to Plaintiff's request to protect her personal information (Doc. 4), again I find the motion should be denied without prejudice. Plaintiff asks the Court to seal her identity and personal information, ostensibly out of fear that the rapist could be looking for her. While

---

[5]Plaintiff is encouraged to seek legal assistance to help her with her claims. Legal aid is provided by organizations such as Gulf Coast Legal Services, Inc. (http://www.gulfcoastlegal.org), and Bay Area Legal Services, Inc. (https://www.bals.org), with offices throughout the Tampa Bay area. Additionally, Plaintiff is advised that many lawyers may accept such work on a contingency or even pro bono basis.

Also, the Tampa Bay Chapter of the Federal Bar Association offers a legal information program that is located in the public intake area (2nd floor) of the Middle District of Florida Clerk's Office, Sam M. Gibbons Courthouse, 801 North Florida Avenue, Tampa, FL 33602, (813) 301-5400. This clinic is staffed with rotating pro bono attorneys who provide free, limited assistance to *pro se* litigants on Tuesdays from 11:00 a.m. to 12:30 p.m. Brochure available at https://www.flmd.uscourts.gov/pro_se/docs/Brochure_Tampa_Division.pdf.

If Plaintiff proceeds on her own behalf, without the assistance of an attorney, the Court recommends that Plaintiff visit the Middle District's resources on "Proceeding Without a Lawyer," available https://www.flmd.uscourts.gov/pro_se/default.htm.

Plaintiff's desire to seal her identity and personal information may be understandable, upon review of the circumstances presented, Plaintiff has not demonstrated grounds to do so.

Generally, parties to a lawsuit must identify themselves in their respective pleadings. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992); *see also* Fed. R. Civ. P. 10(a). The purpose of this rule is that it "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d at 322. "A party may proceed anonymously in a civil suit in federal court by showing that he/she 'has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (internal quotation and citation omitted). "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Doe v. Frank*, 951 F.2d at 324.

While Plaintiff contends that a very serious criminal could be looking for her and she does want him to know what state she lives in, she does not at this time present circumstances that would permit the sealing of her identity or other unspecified personal information from public disclosure. There simply has been no specific or concrete evidence offered establishing the need for anonymity or protection in this particular case. Plaintiff's generalized assertions of

fear do not outweigh the customary and constitutionally-embedded presumption of openness in judicial proceedings. Accordingly, Plaintiff's motion should be denied without prejudice.[6]

**IV.**

For the reasons set forth above, I **RECOMMEND** that the district judge enter an order as follows:

(1) **DISMISS** the Complaint (Doc. 1) and grant Plaintiff permission to file an Amended Complaint, which clearly sets forth a cause of action consistent with the pleading requirements of the Federal Rules of Civil Procedure and which clearly states the basis of this Court's jurisdiction, within twenty (20) days of the Court's Order, failing which may result in a dismissal of the action without further notice.

(2) **DENY without prejudice** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2);

(3) **DENY** Plaintiff's Motion for Appointment of Attorney (Doc. 3);

(4) **DENY without prejudice** Plaintiff's Motion to Seal Personal Information (Doc. 4); and

(5) **DENY** Plaintiff's Motion Request for Statute of Limitation Extension (Doc. 5).

                                                 Respectfully submitted this
                                                 19th day of April 2017.

                                               THOMAS B. McCOUN III
                                               UNITED STATES MAGISTRATE JUDGE

---

[6]In the event that Plaintiff has specific reasons for fear of personal harm, she may renew this motion. I do note that she has provided a P.O. Box for correspondence with the Court and her home address is not disclosed in the record.

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
The Honorable James D. Whittemore, United States District Judge
Mor Gerzon, *pro se*